UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEE D. DANIEL,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-126

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

A.     **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of December 1, 2008. PageID 383-89. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar degenerative disc disease, diabetes mellitus, and depression. PageID 63. After initial denials of her applications, Plaintiff received a hearing before ALJ Amelia G. Lombardo on May 12, 2011. PageID 126-50. The ALJ issued a written decision on August 18, 2011 finding Plaintiff not disabled. PageID 196-219. Plaintiff appealed to the Appeals Council who remanded the case for further proceedings. PageID 220-23.

Following the Appeals Council remand, Plaintiff received hearings before ALJ Lombardo on March 12, 2013 and August 8, 2013. PageID 92-125, 151-88. The ALJ issued a written decision on November 21, 2013, again finding Plaintiff not disabled. PageID 60-80. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since December 1, 2008, the alleged disability onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD); mild narrowing of the medial compartment of the right knee; lumbar degenerative disc disease; mild left C5-6 radiculopathy with little diagnostic correlation; osteoarthritis of the right thumb, as well as some osteoarthritis of the hand; obesity; diabetes mellitus with mild peripheral neuropathy; and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b)[4] and 416.967(b) with the following limitations: unskilled work (as defined in the [Dictionary of Occupational Titles] DOT); no climbing ladders, ropes, or scaffolds; no exposure to heights or hazards; occasional stooping, crouching, kneeling, and crawling; needs a clean-air (office) environment; the ability for a brief change of position (one to two) between sitting and standing every 30 minutes; and frequent fingering and handling with the right, dominant hand.

6. The claimant is unable to perform any [of her] past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1967 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (20 CFR 404.1568 and 416.964).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 62-79.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48-50. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 63-77. Plaintiff, in her Statement of Errors, summarizes the relevant medical evidence. Doc. 10 at PageID 1323-28. The Commissioner's memorandum in opposition defers to the ALJ's recitation of evidence. Doc. 12 at PageID 1350. Except as otherwise stated in this Report and Recommendation, the undersigned incorporates the recitation of evidence put forth by both Plaintiff and the ALJ. Where applicable, the Court will identify the medical evidence relevant to this Report and Recommendation.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work

experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ failed to properly: (1) consider her depression in determining her RFC, and in evaluating whether her impairments meet or equal a Listing; (2) weigh the medical expert ("ME") testimony; and (3) evaluate the "other source" opinion of Sue Carter, a nurse practitioner. Doc. 10 at PageID 1329-45. Finding remand warranted based upon the ALJ's RFC determination -- as it relates to her mental impairments -- the undersigned makes no finding with regard to Plaintiff's remaining assignments of error.[5]

A person's RFC is the most that an individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

---

[5] However, the undersigned notes Plaintiff's concern -- given the ALJ's reliance on the ME's testimony -- that the ME failed to specifically discuss her diagnosis of diabetes mellitus, and any related limitations, during the August 8, 2013 administrative hearing. *See* PageID 74, 95-117. On remand, the ALJ should reassess the impact of Plaintiff's diabetes mellitus -- if any -- on her RFC, and identify the record evidence supporting a conclusion in that regard.

Here, the ALJ found Plaintiff's depression "severe" at Step Two, and that it causes "moderate" limitations in maintaining concentration, persistence, or pace. PageID 63, 66, 77. Plaintiff's RFC includes limitations related to her physical impairments, and a limitation to "unskilled work," as defined in the DOT. PageID 67, 77. Plaintiff argues that the RFC fails to account for her depression and associated deficiency in concentration, persistence, or pace. *Id.*; doc. 10 at PageID 1329-34.

The undersigned agrees. This Court has repeatedly held that a limitation to "unskilled work" -- without further limitations related to pace or production quotas -- "does not adequately factor in 'moderate' limitations in concentration, persistence or pace." *See, e.g.*, *Swint v. Comm'r of Soc. Sec.*, No. 1:13-cv-582, 2014 WL 4426246, at *6 (S.D. Ohio Sept. 8, 2014); *Webb v. Comm'r of Soc. Sec.*, No. 1:12-cv-984, 2013 WL 6795609, at *3 (S.D. Ohio Dec. 20, 2013) *Report and Recommendation adopted* 2014 WL 576395 (S.D. Ohio Feb. 12, 2014); *Crooks v. Comm'r of Soc. Sec.*, No. 2:13-cv-605, 2014 WL 2608170, at *6-7 (S.D. Ohio June 11, 2014) *Report and Recommendation adopted* 2014 WL 2988340 (S.D. Ohio July 2, 2014).

Because Plaintiff's RFC includes the same limitations set forth in the hypothetical question to the vocational expert ("VE") at the administrative hearing, PageID 67, 120-21, the Court finds the ALJ erred by relying on the VE's testimony at Step 5 of the sequential benefits analysis. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("[i]n order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments"). Accordingly, the Court finds merit to Plaintiff's first assignment of error, and the ALJ's non-disability finding should be reversed. This analysis renders moot Plaintiff's remaining arguments.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and factual issues remain -- namely, whether sufficient jobs exist that Plaintiff can perform despite limitations arising from her mental and physical impairments. *See supra* note 5. Accordingly, the undersigned concludes that remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence, and determine Plaintiff's RFC and disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  May 31, 2016                    *s/ Michael J. Newman*
                                        Michael J. Newman
                                        United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).