IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RENEE D. DANIEL, :

      Plaintiff, : Case No. 3:15-cv-126

vs. : JUDGE WALTER H. RICE

CAROLYN W. COLVIN, : MAGISTRATE JUDGE
Acting Commissioner of Social Security,   MICHAEL J. NEWMAN

      Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; DEFENDANT COMMISSIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On May 31, 2016, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #14, recommending that the Defendant Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by

substantial evidence, and that the above-captioned cause be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #14, and in the Plaintiff's Response to Defendant Commissioner's Objections to that judicial filing, Doc. #16, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #8, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety. Defendant Commissioner's Objections to said judicial filing, Doc. #15, are overruled. In so doing, the Court orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner. The decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act is reversed, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial

2

evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Administrative Law Judge ("ALJ") failed to build a logical bridge from her findings that Plaintiff's depression is a severe impairment, Doc. #8-2, PAGEID #63, and that she has "moderate impairment in concentration, persistence, or pace," and her determination that limiting Plaintiff to "unskilled work" in the ALJ's residual functional capacity analysis ("RFC") "adequately accounts for such impairment." *Id.*, PAGEID #77; *see also Pollard v. Astrue*, No. 1:11-cv-186, 2012 WL 2341814, at *5 (S.D. Ohio Jun. 20, 2012) (Bowman, Mag. J.), *adopted at* 2012 WL 2931310 (S.D. Ohio Jul. 18, 2012) (Dlott, C.J.) ("as a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion."). "Unskilled work" is defined as as "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Soc. Sec. Rul. 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985). That definition does not, by itself, address impairments in concentration, persistence or pace, and the ALJ failed to explain how a limitation to unskilled work accounted for those impairments. The ALJ's failure to do so meant that her RFC was not supported by substantial evidence.

4

2.  Further, as Plaintiff points out, the Commissioner's mental RFC assessment form lists eight areas of potential limitation under the category of "Sustained Concentration and Persistence." Doc. #16, PAGEID #1388 (citing Doc. #16-1, PAGEID #1391-92). However, the ALJ did not incorporate any of those limitations into her hypotheticals to the Vocational Expert ("VE"), Doc. #8-2, PAGEID #119-22, 145-47, 182-84, despite, as discussed above, finding that Plaintiff had moderate concentration, persistence and pace limitations. Nor did the ALJ otherwise account for Plaintiff's depression in any hypothetical to the VE. Due to the deficiencies in her hypotheticals, the ALJ could not rely on the VE's testimony for her conclusion that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.*, PAGEID #78. Accordingly, the ALJ's finding that Plaintiff was not disabled under the Act was not supported by substantial evidence, and must be reversed.

3.  The ALJ's decision discussed the opinions of treating, examining and consulting sources, several of which could support a finding of non-disability. Doc. #8-2, PAGEID #73-77 (citations omitted). As "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking," *Faucher v. Sec. of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added), remand for further proceedings, rather than an award of benefits, is appropriate.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #14, in their entirety.

Defendant Commissioner's Objections to said judicial filing, Doc. #15, are overruled. Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 23, 2016

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record